```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**
```

|                              |   |                        |
|------------------------------|---|------------------------|
| GEORGE SHROPSHIRE,           | ) |                        |
|                              | ) | Civil No. 5:17-26-JMH  |
|    Petitioner,| ) |                        |
|                              | ) |                        |
| V.                           | ) | **MEMORANDUM OPINION** |
|                              | ) | **& ORDER**            |
| FRANCISCO QUINTANA, Warden.  | ) |                        |

            \*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Petitioner George Shropshire, proceeding without an attorney, has filed a motion to alter or amend the judgment entered in this case pursuant to Federal Rule of Civil Procedure 59(e). [D.E. 8]. In his motion, Shropshire argues that this Court made a manifest error of law in concluding that it is not bound by the decision of the Sixth Circuit Court of Appeals in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). [D.E. 8 at p. 1]. Shropshire further argues that this Court's opinion dismissing his case conflicts with the Sixth Circuit's recent unpublished decision in *Sutton v. Quintana*, No. 16-6534 (6th Cir. July 12, 2017). [D.E. at p. 1-2].

A court may grant relief under Rule 59(e) only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012).

Here, the Court finds that there has been no clear error of law, nor does the Sixth Circuit's decision in *Sutton* change this Court's previous analysis. As an initial matter, *Sutton* is an unpublished decision and, as such, is not binding on this Court. *Graiser v. Visionworks of America, Inc.*, 819 F.3d 277, 283 (6th Cir. 2016)(citing *TriHealth, Inc. v. Bd. Of Comm'rs, Hamilton Cty., Ohio*, 430 F.3d 783, 789 (6th Cir. 2005)). *See also Scarber v. Palmer*, 808 F.3d 1093, 1096 (6th Cir. 2015)("Of course, neither dicta nor an unpublished decision is binding precedent.")(citations omitted).

More importantly, *Sutton* suffers from the same defect as *Hill*, in that it directly contradicts an earlier published panel decision from the Sixth Circuit Court of Appeals. In *Hill*, the Sixth Circuit concluded that, where the remedy under 28 U.S.C. § 2255 is inadequate or ineffective, the savings clause § 2255(e) permits a federal prisoner to challenge his sentence via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Hill*, 836 F.3d at 594, 599-600. However, the Court also explained that "[w]hen seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) **that is retroactive** and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a

2

miscarriage of justice or a fundamental defect." *Id*. at 595 (citations omitted)(emphasis added).

Applying this test to Hill's petition, the Court began its analysis by finding that, in *Descamps v. United States*, __ U.S. ___, 133 S.Ct. 2276 (2013), the United States Supreme Court announced a rule that is new and retroactive. *Id*. at 595-96. Only then did the Court continue its analysis to find that, as Hill met all of the requirements articulated above (and because he was sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)),[1] he would be authorized to challenge his sentence in a § 2241 petition. *Id*. at 599-600.

The problem is that the linchpin of the Sixth Circuit's analysis in *Hill* – that *Descamps* is new and retroactive – is directly contradictory to the Sixth Circuit's prior published decision in *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014). In *Davis*, the Sixth Circuit noted that the Supreme Court in *Descamps* held that the "modified categorical approach" used to determine the nature of a defendant's prior convictions for

---

[1] The Court notes that the *Sutton* Court did not address the *Hill* Court's clear statement that its holding applied only to prisoners sentenced pre-*Booker*. In doing so, the *Sutton* decision would appear to be opening the floodgates that the *Hill* Court sought to keep closed by emphasizing that the relief in *Hill* would only be available to a very limited subset of § 2241 petitions. *Hill*, F.3d at 599-600.

3

sentencing purposes applies only to divisible statutes. *Davis*, 751 F.3d at 775 (citing *Descamps*, 133 S.Ct. at 2281). The Court further explained that "[t]he Supreme Court in *Descamps* explained that it was **not** announcing a new rule, but was simply reaffirming the *Taylor/Shepard*[2] approach, which some courts had misconstrued." *Id*. at 775 (emphasis added).

The law is clear that a published prior panel decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009)(quoting *Salmi v. Sec'y of Health & Human Servs*., 774 F.2d 685, 689 (6th Cir. 1985)). S*ee also United States v. Ritchey*, 840 F.3d 310, 316 (6th Cir. 2016)(quoting *Susan B. Anthony List v. Driehaus*, 814 F.3d 466, 471 (6th Cir. 2016))(explaining that a prior published decision binds a later panel of the United States Court of Appeals for the Sixth Circuit "unless it is overturned by the Supreme Court or overruled en banc, but departure is also warranted if 'an inconsistent [ruling] of the United States Supreme Court requires modification of the decision.'"); 6 Cir. R. 32.1(b)

---

[2] *Taylor v. United States,* 495 U.S. 575, 602 (1990); *Shepard v. United States,* 544 U.S. 13, 26 (2005).

("Published panel opinions are binding on later panels. A published opinion is overruled only by the court en banc.").

Accordingly, this Court will not depart from its prior conclusion that it is not bound by the Sixth Circuit's decision in *Hill*, therefore the savings clause of § 2255(e) is not available to Shropshire.  If Shropshire is unhappy with this Court's decision, he is free to appeal this case to the Sixth Circuit. Indeed, this Court hopes that the Sixth Circuit will address this matter and clarify the controlling case law.

Accordingly, **IT IS ORDERED** that:

1. Shropshire's Rule 59(e) Motion to Alter or Amend the Judgment [D.E. 8] is **DENIED**.

This 2nd day of August, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge